[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO VACATE ARBITRATION AWARD
The plaintiffs, James and Mary Murphy, brought this action pursuant to General Statutes § 52-418, seeking to vacate an arbitration award. The plaintiffs had filed a claim for arbitration with the National Association of Securities Dealers ("NASD"), alleging that the defendants, Invest Financial Corporation and David Grimaldi, had defrauded them into investing $10,000.00 in a limited partnership that purchased mortgages.
On December 15, 1993, an arbitration hearing was held. At the conclusion of the hearing, the arbitrator ordered both sides submit briefs to the NASD on or before January 10, 1994. On February 20, 1994, the arbitrator requested additional information from the defendants. The defendants responded by letters dated February 23 and February 25, 1994.
The parties were notified of the arbitrator's award on June 7, 1994. The award required the defendant Invest to pay the plaintiffs $1,173.00, and to pay forum fees associated with the arbitration of $475.00. The plaintiffs now move to vacate the arbitration award, arguing that the arbitrator did not render a decision in a timely fashion.
The plaintiffs argue that the arbitration award in the present case had no legal effect because it was untimely. They rely on General Statutes § 52-416 in support of this proposition. This statute provides in relevant part:
 (a) If the time within which an award rendered has not been fixed in the arbitration agreement, the arbitrator . . . shall render the award within thirty days from the date the hearing or hearings are completed, or, if the parties are to submit additional material after the hearing or hearings, thirty days from the date fixed by the arbitrator . . . for receipt of the material. An award made after that time shall have no legal effect unless the parties expressly extend the time in which the CT Page 8959 award may be made by an extension or ratification in writing.
It is evident from the language of this section that it is only applicable "[i]f the time within which an award isrendered has not been fixed in the arbitration agreement." In the present case, however, the parties agreed to submit to NASD arbitration in both the arbitration and the submission agreements and further agreed that the arbitration would be conducted in accordance with the Constitution, By-Laws, Rules, Regulations and/or Code of Arbitration Procedure of the NASD.
The NASD rules do address the time within which an arbitration award should be rendered. Specifically, pursuant to these rules, "the arbitrator shall endeavor to render an award within thirty business days from the date the record is closed." NASD Manual — Code of Arbitration Procedure 3741, § 41(d).
The plaintiffs argue that "this rule is at best no rule at all [because] by inserting `shall endeavor' into the time limitation upon which the arbitrator must submit a decision, the NASD has essentially no provision regarding when an award must be submitted." The plaintiffs conclude that because of this, § 52-416 must be binding. This court disagrees.
While it is clear that the NASD Code is not as exacting as the rules for rendering an award under Connecticut law, the Code does contain rules governing the timeliness of an arbitration award. The parties agreed to arbitrate their dispute in accordance with and to be bound by these rules. There simply is no basis for the plaintiffs' argument that General Statutes § 52-416 should pre-empt the NASD procedures. Accordingly, the Plaintiffs' Application to Vacate the Arbitration Award is denied.[1]
JOSEPH H. GOLDBERG SENIOR JUDGE